```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

JEAN COMPET,                                              FIRST AMENDED COMPLAINT
                                  Plaintiff,
                                                          15 CV 1226 (RJD) (RLM)
           -against-

THE CITY OF NEW YORK, POLICE OFFICER BRYAN
WALKES, SERGEANT KENNETH BURKE, and
JOHN/JANE DOE # 1 - 2,                                    JURY TRIAL DEMANDED

                                  Defendants.
---------------------------------------------------------------------x
```

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of Plaintiff Jean Compet's ("Mr. Compet") rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Mr. Compet demands a trial by jury in this action.

## PARTIES

6.  Mr. Compet is a resident of the County of Kings, State of New York.

7. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Bryan Walkes ("Walkes") was an officer, employee, and agent of Defendant City of New York.

11. At all times relevant herein, Defendant Walkes was acting within the scope of his employment with Defendant City of New York.

12. At all times relevant herein, Defendant Walkes was acting under color of state law.

13. Defendant Walkes is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Sergeant Kenneth Burke ("Burke") was an officer, employee, and agent of Defendant City of New York.

15. At all times relevant herein, Defendant Burke was acting within the scope of his employment with Defendant City of New York.

16. At all times relevant herein, Defendant Burke was acting under color of state law.

17. Defendant Burke is sued in his individual and official capacities.

18. At all times relevant herein, Defendants John/Jane Doe # 1 - 2 were supervisors, officers, employees, and/or agents of Defendant City of New York.

19. At all times relevant herein, Defendants John/Jane Doe # 1 - 2 were acting within the scope of their employment with Defendant City of New York.

20. At all times relevant herein, Defendants John/Jane Doe # 1 - 2 were acting under color of state law.

21. Defendants John/Jane Doe # 1 - 2 are sued in their individual and official capacities.

22. The names John/Jane Doe # 1 - 2 are fictitious, their true names being unknown to Plaintiff at this time.

STATEMENT OF FACTS

23. On February 18, 2014, Mr. Compet, a person with limited English proficiency, was lawfully present in the subway station located at Winthrop Street and Nostrand Avenue, Brooklyn, New York ("Subject Location").

24. As Mr. Compet was swiping his MetroCard to enter the platform for the subway, Mr. Compet saw a young man gain entry to the platform without paying the fare.

25. A woman, who was also entering the subway ("Witness"), also saw the young man enter the subway without paying the fare.

26. As Mr. Compet walked towards the platform, he was approached and stopped by one of the individual defendants ("First Officer").

27. The First Officer stated that Mr. Compet had entered the subway without paying the fare.

28. Mr. Compet told First Officer that he had paid the subway fare and showed him his MetroCard.

29. First Officer told Mr. Compet that they did not care what Mr. Compet said.

30. Mr. Compet became frustrated because he was having difficulty explaining what happened to First Officer given Mr. Compet's limited English proficiency.

31. First Officer grabbed the backpack Mr. Compet had on and used it to throw Mr. Compet to the ground.

32. As a result of being thrown to the ground, Mr. Compet injured, among other things, the right side of his face.

33. First Officer then called for backup.

34. One of the other individual defendants ("Second Officer") came to the scene and assisted First Officer in searching and handcuffing Mr. Compet. They also searched Mr. Compet's backpack.

35. As they were handcuffing Mr. Compet, Mr. Compet repeatedly told First Officer and Second Officer that they had the wrong person, but was, again limited in what he could say to them given his limited English proficiency.

36. The Witness also approached First Officer and Second Officer and told them that they had the wrong person. She further pointed out the young man to the individual officers and told them that the young man was the person who entered the subway without paying, not Mr. Compet.

37. The individual defendants told the Witness, in sum and substance, to shut up and mind her own business.

38. Another individual defendant who was the supervising officer ("Third Officer") arrived at the scene and approved Mr. Compet's arrest, despite being told by the Witness that Mr. Compet was not the person who had failed to pay his subway fare.

39. Mr. Compet's arrest was without probable cause.

40. First Officer and Second Officer was transported to a police precinct.

41. During the entirety of the time that Mr. Compet was both interacting with the individual defendants, and while he was in the custody of the NYPD, Mr. Compet was refused an interpreter, although he repeatedly requested one.

42. The individual defendants spoke with the Kings County District Attorneys' Office, individually and collectively lying to the Kings County District Attorney's Office that Mr. Compet and had violated New York Penal Law §§ 205.30, 165.15, and 140.05.

43. Based on these fabricated allegations, the Kings County District Attorney's Office forwarded the individual defendants a Criminal Court Complaint.

44. Upon information and belief, the Criminal Court Complaint was reviewed and then signed by the individual defendants.

45. Upon information and belief, when reviewing and signing the Criminal Court Complaint, the individual defendants knew the allegations contained therein to be false.

46. Upon information and belief, the executed Criminal Court Complaint was then forwarded by the individual defendants to the Kings County District Attorney's Office.

47. Legal process was issued against Mr. Compet and, and Mr. Compet and was subsequently arraigned.

48. During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the Kings County District Attorney's Office, *inter alia*, arrest reports, complaint reports, evidence and evidence vouchers.

49.     Mr. Compet suffered damage as a result of Defendants' actions.  Mr. Compet and was deprived of liberty, suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

50.     Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

51.     Defendants, by their conduct toward Mr. Compet as alleged herein, violated Mr. Compet 's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

52.     As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

53.     Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

54.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Mr. Compet without reasonable suspicion.

55.     As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
*False Arrest*

56.     Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

57.     The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Compet without probable cause.

58.     As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION
*Excessive Force*

59.     Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

60.     The individual defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Mr. Compet.

61.     As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

## FIFTH CAUSE OF ACTION
*Denial of Substantive Due Process*

62.     Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

63.     The individual defendants created false evidence against Mr. Compet.

64.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

65. In creating false evidence against Mr. Compet, and in forwarding false evidence to prosecutors, the individual defendants violated Mr. Compet's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

66. As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

### SIXTH CAUSE OF ACTION
*Malicious Prosecution*

67. Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

68. The individual defendants initiated the criminal proceedings against Mr. Compet by issuing and/or causing to be issued legal process against Mr. Compet.

69. The individual defendants lacked probable cause to commence the criminal proceedings against Mr. Compet.

70. The individual defendants' actions were motivated by actual malice.

71. The criminal proceedings were terminated in favor of Mr. Compet.

72. As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

### SEVENTH CAUSE OF ACTION
*Failure to Intervene*

73. Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

74. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

75. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

76. As a direct and proximate result of this unlawful conduct, Mr. Compet sustained the damages alleged herein.

EIGHTH CAUSE OF ACTION
*Monell*

77. Mr. Compet repeats and re-alleges each and every allegation as if fully set forth herein.

78. This is not an isolated incident. Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Compet.

79. Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

80. Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

81. Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

82. These policies, practices, and customs were the moving force behind Mr. Compet's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Compet respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 29, 2015

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorney for Plaintiff Jean Compet*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com